# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **SVV TECHNOLOGY** | § | |
| **INNOVATIONS INC.** | § | |
| *Plaintiff,* | § | Civil Action No.  6:25-cv-25-JKP |
| | § | Civil Action No.  6:25-cv-26-OLG |
| v. | § | Civil Action No.  6:25-cv-27-OLG |
| | § | |
| **ASUSTEK COMPUTER INC.** | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO RELATE CASE

ASUSTeK does not argue that Judge Albright does not have deep knowledge of the patents at issue, the technology at issue, or the claims and defenses of the parties likely to be at issue in this case. Similarly, ASUSTeK does not argue that this case is not related to the numerous other cases involving many of the same patents and, in some cases, the same parties that have been presided over by Judge Albright. Instead, ASUSTeK argues that SVV has not argued that the case should be consolidated. That argument is misplaced. SVV has not requested consolidation, but instead transfer and reassignment to Judge Albright. ASUSTeK posits that the May 30, 2024 "Order Assigning the Business of the Court as it Relates to Patent Cases" (the "2024 Standing Order") refers to consolidation. However, ASUSTeK does not address the fact that the May 28, 2003 "Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions" (the "2003 Standing Order") provides for reassignments. In its opposition, ASUSTeK fails to reference, let alone apply, the 2003 Standing Order.

### A.     Cases May Be Assigned Under the 2003 Standing Order

Plaintiff recognizes that then-Chief Judge Garcia by the July 25, 2022 Order Assigning the Business of the Court as it Relates to Patent Cases ordered all patent cases filed in the Waco Division on or after July 25, 2022, to be randomly assigned (at least initially) to one of twelve named district judges. This made Waco a multi-district judge division within the meaning of the 2003 Standing Order for purposes of patent cases. Accordingly, the "Reassignment" section (Section V) of the 2003 Standing Order references how Waco patent cases may be reassigned. *See, e.g.*:

> This case is related to earlier closed actions, and several pending actions, handled by the Honorable United States District Judge Alan D. Albright. *Id*. at 2–5. In the interest of judicial economy and upon the mutual consent of both judges, it is ORDERED that this civil case assigned to the docket of the undersigned is TRANSFERRED to the docket of the Honorable United States District Judge Alan D. Albright for all purposes pursuant to Section V(A) of the Amended Plan for Random and Direct Assignment of Cases In Multi-Judge Divisions effective May

28, 2003. By Order Assigning the Business of the Court as it Relates to Patent Cases effective July 25, 2022, patent cases filed in the Waco Division are to be randomly assigned to the various district judges across the Western District of Texas. Thus, for purposes of patent cases, the July 25, 2022 Order effectively makes Waco a multi-district judge division within the meaning of the order of May 28, 2003.

*SVV Tech. Innovations Inc. v. Acer, Inc.*, No. 6:24-CV-00539-JKP (W.D. Tex. Jan. 24, 2025).

Section V(A) of the 2003 Standing Order provides that "[c]ases may be reassigned from the calendar of a judge to the calendar of any other judge with the consent of the judge from whom and to whom the case is to be reassigned, unless such reassignment is disapproved by the Chief Judge.". Accordingly, ASUSTeK's focus on consolidation under 2024 Standing Order is misplaced.

In addition, as an independent basis for the reassignment of this case, Section IV(A) of the 2003 Standing Order provides mandates that "[i]f at the time of filing, the civil cover sheet (Form JS-44), indicates that the case is related to an earlier numbered pending case, the Clerk shall assign the case to that judge." The JS-44 cover sheet for this case indicated that this case was related to earlier-numbered pending cases. Dkt. 1-1.

### B.     Courts in this District Have Transferred Patent Cases to Judge Albright Where He Presided Over Related Cases

Judges in this district have generally reassigned a case that is related to an earlier-numbered pending proceeding. In one example, this practice was following in *Sonrai,* where that court stated:

> Based on the foregoing and the arguments and authorities presented by the Plaintiff in its Motion and Reply and pursuant to the Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions, the ***underscore{undersigned finds this case is related to}*** the Sonrai Memory Ltd. case currently pending before the Honorable Alan D. Albright (6:22-cv-787), and should be transferred to the docket of Judge Albright as related and to alleviate duplication of effort and in the interest of judicial economy.

*Sonrai Memory Ltd. v. Micron Tech., Inc.*, No. WA-22-CV-855-FB (W.D. Tex. Mar. 16, 2023) (emphasis added).

In another example, this one involving SVV, the court transferred another SVV case to Judge Albright after noting that an "Unopposed Motion to Relate Case" advised that the case was "***related to*** other cases formerly and currently pending before United States District Judge Alan D. Albright."  *SVV Tech. Innovations Inc. v. Acer, Inc*., No. 6:24-CV-00536-OLG (W.D. Tex. Jan. 24, 2025) (emphasis added).  In another similar order, the court transferred another SVV case to Judge Albright, after stating that "[t]his case is ***related to*** earlier closed actions, and several pending actions, handled by the Honorable United States District Judge Alan D. Albright."  *SVV Tech. Innovations Inc. v. Acer, Inc*., No. 6:24-CV-00539-JKP (W.D. Tex. Jan. 24, 2025) (emphasis added).

Applying the same custom and reasoning, another court transferred a related case to Judge Albright, stating "After conferring with Judge Alan D Albright, the Court finds that this case is ***related to*** cause number 6:22-cv-69-ADA and should have been directly assigned to Judge Albright when filed."  *Ecofactor, Inc. v. Resideo Techs., Inc*., No. WA-23-CV-61-KC (W.D. Tex. Feb. 16, 2023) (emphasis added).

Following the same reasoning, and the same standing order, that courts in this district have applied, if this Court finds that this case is related to other cases that Judge Albright has presided over, which it certainly should, then this case should similarly be reassigned for the reasons cited in the 2003 Standing Order and SVV's Motion.

    **C.**    **SVV Established That This Case is Related to Other Referenced Cases**

In its Opposition, ASUSTeK argues "SVV suggests that this ASUSTeK case is 'related' to other years old litigation campaigns against ASUSTeK, as well as other SVV litigation campaigns against other companies such as Samsung and Acer. This is not the test."  Opp'n at 3.  ASUSTeK's argument is misplaced.  ASUSTeK does not even cite the test.  SVV cited the "test" and explained in detail how this case meets the requirements of the test.  *See* Motion at Section IV(B).

3

Section VIII of the 2003 Standing Order entitled "Conditions Under Which Civil Cases Are Deemed Related" states, in relevant part, that "[a] civil case is deemed related to an earlier numbered pending civil case when… it involves the validity or infringement of a patent already in suit in that case". In its Motion SVV, sufficiently cited "earlier numbered pending civil case[s]" involving the same patents at issue in this case for which Judge Albright has acquired familiarity. *See* Motion at Section IV(B).

### D.  Courts May Consolidate or "Issue Any Other Order" to Avoid Unnecessary Cost or Delay

While ASUSTeK's Opposition focuses on "consolidation," this Court's authority is not limited to orders involving *strictly* consolidation. Federal Rule of Civil Procedure 42(a), entitled "Consolidation," provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "***issue any other order to avoid unnecessary cost or delay***." Fed. R. Civ. P. 42(a) (emphasis added). Accordingly, a court's options under Rule 42(a) are not limited to consolidation, and here, the Court may, and should, reassign the case for the purposes of judicial efficiency explained in SVV's Motion. *See* Motion at Section IV(C, D, E).

DATED: February 27, 2025

Respectfully submitted,

/s/*Robert D. Katz*
Robert D. Katz
Texas Bar No. 24057936
KATZ PLLC
8350 N. Central Expressway, Suite 1900
Dallas, TX 75206
214-865-8000
888-231-5775 (fax)
rkatz@katzfirm.com

**ATTORNEYS FOR PLAINTIFF
SVV TECHNOLOGY INNOVATIONS INC.**

4