**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-00025-JKP |
| ASUSTEK COMPUTER INC., | § § | |
| Defendant. | § § § § | |

## ANSWER TO COMPLAINT

Defendant ASUSTeK Computer Inc. ("ASUSTeK"), by and through its attorneys, respectfully submits its Answer and Affirmative Defenses to SVV Technology Innovations Inc. ("Plaintiff" or "SVVTI") Complaint for Patent Infringement (Dkt. 1). Except as expressly admitted, ASUSTeK denies each and every allegation and characterization in Plaintiff's Complaint. ASUSTeK's specific responses to the numbered allegations, which correspond to the numbered paragraphs of the Complaint, are set forth below.

## RELATEDNESS TO OTHER CASES[1]

1.    ASUSTeK admits that the Asserted Patents in the Plaintiff's Complaint are also at issue, or related to other patents at issue, in the actions listed in Paragraph 1. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

---

[1] For clarity and ease of reference, the section headers recited in the Complaint are used herein. Such use is for convenience and does not indicate that Defendants admit or agree with any text of any heading reused herein.

paragraph 1, and therefore denies them.[2]

## PARTIES

2.      ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3.      ASUSTeK admits it is a corporation organized under the laws of Taiwan, with a principal place of business at No. 15, Li-Te Road, Beitou District, Taipei 112.

4.      Paragraph 4 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

## JURISDICTION AND VENUE

5.      Paragraph 5 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK admits that the Amended Complaint purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* ASUSTeK admits that this Court has subject matter jurisdiction over claims of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). ASUSTeK denies that Plaintiff has stated a legally sufficient claim for patent infringement, and further specifically denies any infringement.

6.      Paragraph 6 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK does not contest that this Court has personal jurisdiction over it for the purposes of this action only but does not waive the right to contest personal

---

[2] ASUSTeK notes that it is not entirely clear what products Plaintiff is accusing of infringing which patents or the specific theory of infringement.  To the extent the products, patents, or theories overlap with those previously asserted against ASUSTeK, there is a possibility that issues of claim preclusion, collateral estoppel, and/or claim splitting will arise.  Accordingly, ASUSTeK expressly reserves the right to raise claims of issue preclusion, collateral estoppel, and claim splitting to the extent such issues become apparent in Plaintiff's infringement contentions or expert reports.

jurisdiction in any other case or action in this District. ASUSTeK further denies that it has committed acts within the Western District of Texas giving rise to this action or has established minimum contacts with the Western District of Texas as alleged in Paragraph 6.

7.      ASUSTeK denies the allegations in paragraph 7.

8.      Paragraph 8 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK denies the allegations in paragraph 8.

9.      ASUSTeK denies the allegations in paragraph 9.

10.     ASUSTeK denies the allegations in paragraph 10.

11.     Paragraph 11 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK denies the same.

12.     Paragraph 12 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK admits that it is a foreign corporation. ASUSTeK denies the remaining allegations in paragraph 12 and specifically denies that it has infringed any valid and enforceable patent claim, that Plaintiff is entitled to any relief or damages, and that venue in this District is convenient and ASUSTeK reserves the right to seek transfer to a more appropriate or convenient forum.

13.     ASUSTeK denies the allegations in paragraph 13.

14.     Paragraph 14 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK does not contest, solely for the purpose of the present litigation, whether personal jurisdiction over it properly lies in this District. ASUSTeK denies the remaining allegations in paragraph 14.

15.     Paragraph 15 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK admits that its products are available for sale in retail

stores in this District.  ASUSTeK denies the remaining allegations in paragraph 15.

16.     Paragraph 16 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK denies any patent infringement or that Plaintiff is entitled to any relief or damages.  ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and, therefore, denies the same.

17.     Paragraph 17 alleges legal conclusions to which no response is required. To the extent a response is required, ASUSTeK does not contest, solely for the purpose of the present litigation, whether personal jurisdiction over it properly lies in this District. ASUSTeK further denies any patent infringement or that Plaintiff is entitled to any relief or damages.  ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and, therefore, denies the same.

18.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 18.

19.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 19.

20.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 20.

21.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 21.

22.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 22.

23.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 23.

24.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 24.

25.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 25.

26.     ASUSTeK states that the user manuals for any accused products speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 26.

27.     ASUSTeK states that the user manuals for any accused products speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 27.

28.     ASUSTeK states that the accused products speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 28.

29.     ASUSTeK states that the accused products speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 29.

30.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 30.

31.     ASUSTeK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.     ASUSTeK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.     ASUSTeK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.     ASUSTeK states that the accused products speak for themselves.  ASUSTeK denies the remaining allegations in paragraph 34.

35.     ASUSTeK states that the website and its content speak for themselves.  ASUSTeK

denies the remaining allegations in paragraph 35.

36.    ASUSTeK states that the MyAsus app speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 36.

37.    ASUSTeK states that the MyAsus app speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 37.

38.    ASUSTeK states that the MyAsus app speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 38.

39.    ASUSTeK states that the MyAsus app speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 39.

40.    ASUSTeK states that the 2022 Q4 report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 40.

41.    ASUSTeK states that the 2022 Q4 report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 41.

42.    ASUSTeK states that the 2022 Q4 report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 42.

43.    ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 43.

44.    ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 44.

45.    ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 45.

46.    ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 46.

47.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 47.

48.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 48.

49.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 49.

50.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 50.

51.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 51.

52.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 52.

53.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 53.

54.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 54.

55.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 55.

56.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 56.

57.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 57.

58.     ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies

the remaining allegations in paragraph 58.

59.    ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 59.

60.    ASUSTeK states that the 2021 Annual report speaks for itself.  ASUSTeK denies the remaining allegations in paragraph 60.

61.    ASUSTeK denies the allegations in paragraph 61.

## FACTUAL BACKGROUND

62.    ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62, and, therefore, denies the same.

63.    ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63, and, therefore, denies the same.

64.    ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64, and, therefore, denies the same.

65.    ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65, and, therefore, denies the same.

66.    ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66, and, therefore, denies the same.

67.    ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67, and, therefore, denies the same.

68.    ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68, and, therefore, denies the same.

69.    ASUSTeK admits that it received a letter from Plaintiff's counsel on February 25, 2021, identifying several patents. ASUSTeK additionally admits that it was made aware of U.S.

Patent No. 11,276,795 through a follow-up letter on March 23, 2022. ASUSTeK denies that the remaining allegations in paragraph 69 are complete or accurate and, therefore, denies the same.

70.     ASUSTeK admits it has been aware of the '397, '089, and '135 Patents at least since it received the letter from Plaintiff's counsel on February 25, 2021.  ASUSTeK denies the remaining allegations contained in paragraph 70.

71.     ASUSTeK admits it has been aware of the '397, '089, and '135 Patents at least since Plaintiff filed three patent infringement suits against ASUSTeK on March 24, 2022. ASUSTeK denies the remaining allegations contained in paragraph 71.

72.     ASUSTeK denies the allegations in paragraph 72.

73.     ASUSTeK denies the allegations in paragraph 73.

74.     ASUSTeK denies the allegations in paragraph 74.

75.     ASUSTeK denies the allegations in paragraph 75.

76.     ASUSTeK denies the allegations in paragraph 76.

77.     ASUSTeK admits it has been aware of the Assert Patents at least since being served with the original complaint in this case.

## TECHNOLOGY BACKGROUND

78.     ASUSTeK denies any patent infringement or that Plaintiff is entitled to any relief or damages.  ASUSTeK further states that the allegations are not complete or accurate and, therefore, denies the remaining allegations contained in paragraph 78.

79.     ASUSTeK denies any patent infringement or that Plaintiff is entitled to any relief or damages.  ASUSTeK further denies that the allegations are not complete or accurate and, therefore, denies the remaining allegations contained in paragraph 79.

80.     ASUSTeK denies that the allegations are not complete or accurate and, therefore,

denies the allegations contained in paragraph 80.

81.    ASUSTeK denies that the allegations are not complete or accurate and, therefore, denies the allegations contained in paragraph 81.

82.    ASUSTeK denies that the allegations are not complete or accurate and, therefore, denies the allegations contained in paragraph 82.

83.    ASUSTeK denies that the allegations are not complete or accurate and, therefore, denies the allegations contained in paragraph 83.

84.    ASUSTeK denies that the allegations are not complete or accurate and, therefore, denies the allegations contained in paragraph 84.

## THE ACCUSED PRODUCTS

85.    ASUSTeK denies the allegations in paragraph 85.

86.    ASUSTeK denies the allegations in paragraph 86.

87.    ASUSTeK denies the allegations in paragraph 87.

88.    ASUSTeK denies the allegations in paragraph 88.

## COUNT I

## DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 8,740,397

89.    ASUSTeK admits that the '397 Patent is titled "Optical Cover Employing Microstructured Surfaces." ASUSTeK admits that the face of the patent found via the web address in paragraph 89 states that the patent was issued on June 3, 2014. The allegation that the '397 Patent was "duly and legally issued" is a legal conclusion to which no response is required. To the extent an answer is required, ASUSTeK denies that the '397 Patent is valid and enforceable. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89, and, therefore, denies the same.

90.    ASUSTeK denies any patent infringement or that Plaintiff is entitled to any relief or damages, but admits that the Plaintiff has accused the product listed in paragraph 90 of patent infringement of the '397 Patent.  ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90, and, therefore, denies the same.

91.    ASUSTeK denies the allegations in paragraph 91.

92.    ASUSTeK denies the allegations in paragraph 92.

93.    ASUSTeK denies the allegations in paragraph 93.

94.    ASUSTeK denies the allegations in paragraph 94.

## COUNT II

## DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 10,439,089

95.    ASUSTeK admits that the '089 Patent is titled "Light Converting System Employing Planar Light Trapping and Light Absorbing Structures." ASUSTeK admits that the face of the patent found via the web address in paragraph 95 states that the patent was issued on October 8, 2019. The allegation that the '089 Patent was "duly and legally issued" is a legal conclusion to which no response is required. To the extent an answer is required, ASUSTeK denies that the '089 Patent is valid and enforceable. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95, and, therefore, denies the same.

96.    ASUSTeK denies any patent infringement or that Plaintiff is entitled to any relief or damages, but admits that the Plaintiff has accused the product listed in paragraph 96 of patent infringement of the '089 Patent.  ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96, and, therefore, denies the same.

97.    ASUSTeK denies the allegations in paragraph 97.

98.     ASUSTeK denies the allegations in paragraph 98.

99.     ASUSTeK denies the allegations in paragraph 99.

100.    ASUSTeK denies the allegations in paragraph 100.

101.    ASUSTeK denies the allegations in paragraph 101.

102.    ASUSTeK denies the allegations in paragraph 102.

## COUNT III

## DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 10,838,135

103.    ASUSTeK admits that the '135 Patent is titled "Edge-Lit Waveguide Illumination Systems Employing Planar Arrays of Linear Cylindrical Lenses." ASUSTeK admits that the face of the patent found via the web address in paragraph 103 states that the patent was issued on November 17, 2020. The allegation that the '135 Patent was "duly and legally issued" is a legal conclusion to which no response is required. To the extent an answer is required, ASUSTeK denies that the '135 Patent is valid and enforceable. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103, and, therefore, denies the same.

104.    ASUSTeK denies any patent infringement or that Plaintiff is entitled to any relief or damages, but admits that the Plaintiff has accused the products listed in paragraph 104 of patent infringement of the '135 Patent.  ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104, and, therefore, denies the same.

105.    ASUSTeK denies the allegations in paragraph 105.

106.    ASUSTeK denies the allegations in paragraph 106.

107.    ASUSTeK denies the allegations in paragraph 107.

108.    ASUSTeK denies the allegations in paragraph 108.

<u>**COUNT IV**</u>

<u>**DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 11,616,157**</u>

109.    ASUSTeK admits that the '157 Patent is titled "Method of Making Light Converting Systems Using Thin Light Absorbing and Light Trapping Structures." ASUSTeK admits that the face of the patent found via the web address in paragraph 109 states that the patent was issued on March 28, 2023. The allegation that the '157 Patent was "duly and legally issued" is a legal conclusion to which no response is required. To the extent an answer is required, ASUSTeK denies that the '157 Patent is valid and enforceable. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109, and, therefore, denies the same.

110.    ASUSTeK denies any patent infringement or that Plaintiff is entitled to any relief or damages, but admits that the Plaintiff has accused the product listed in paragraph 110 of patent infringement of the '157 Patent.  ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110, and, therefore, denies the same.

111.    ASUSTeK denies the allegations in paragraph 111.

112.    ASUSTeK denies the allegations in paragraph 112.

113.    ASUSTeK denies the allegations in paragraph 113.

114.    ASUSTeK denies the allegations in paragraph 114.

115.    ASUSTeK denies the allegations in paragraph 115.

<u>**COUNT V**</u>

<u>**DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 11,194,085**</u>

116.    ASUSTeK admits that the '085 Patent is titled "Illumination Systems Employing Thin and Flexible Waveguides with Enhanced Light Coupling." ASUSTeK admits that the face of

the patent found via the web address in paragraph 116 states that the patent was issued on December 7, 2021. The allegation that the '085 Patent was "duly and legally issued" is a legal conclusion to which no response is required. To the extent an answer is required, ASUSTeK denies that the '085 Patent is valid and enforceable. ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 116, and, therefore, denies the same.

117.    ASUSTeK denies any patent infringement or that Plaintiff is entitled to any relief or damages, but admits that the Plaintiff has accused the products listed in paragraph 117 of patent infringement of the '085 Patent.  ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117, and, therefore, denies the same.

118.    ASUSTeK denies the allegations in paragraph 118.

119.    ASUSTeK denies the allegations in paragraph 119.

120.    ASUSTeK denies the allegations in paragraph 120.

121.    ASUSTeK denies the allegations in paragraph 121.

**FURTHER ASSERTIONS INVOLVING ALL CLAIMS**

122.    ASUSTeK denies the allegations in paragraph 122.

123.    ASUSTeK denies the allegations in paragraph 123.

124.    ASUSTeK denies the allegations in paragraph 124.

125.    ASUSTeK denies the allegations in paragraph 125.

126.    ASUSTeK denies the allegations in paragraph 126.

127.    ASUSTeK denies the allegations in paragraph 127.

128.    ASUSTeK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, and, therefore, denies the same.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Plaintiff's demand for a jury trial to which no response is required.

## PRAYER

ASUSTeK denies that Plaintiff is entitled to any relief in connection with the allegations in the Complaint, including, without limitation, the allegations of Paragraphs 1 through 11.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, ASUSTeK denies all factual allegations contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

ASUSTeK asserts the following defenses pursuant to Federal Rule of Civil Procedure 8(c). Assertion of a defense is not a concession that ASUSTeK has the burden of proving the asserted. In addition to the defenses described below, ASUSTeK reserves the right to allege additional defenses as they become known through discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint and the allegations therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Plaintiff is not entitled to any relief on its patent infringement claims because ASUSTeK does not infringe any valid and enforceable claim of any asserted patent in any manner or under any theory of infringement, including under 35 U.S.C. § 271(a), (b), (c), and/or (f), literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, including pursuant to the doctrines of joint or divided infringement. ASUSTeK has not performed any act and is not

proposing to perform any act in violation of any rights validly belonging to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
**(Invalidity)**

The asserted claims of the asserted patents are invalid, void, and/or unenforceable for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132 and/or 251 and the judicial doctrine of obvious-type double patenting.

### FOURTH AFFIRMATIVE DEFENSE
**(Limitation on Damages)**

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

### FIFTH AFFIRMATIVE DEFENSE
**(Waiver and Estoppel)**

Plaintiff's claims for relief are barred in whole or in part by the equitable doctrines of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE
**(No Enhanced Damages)**

Should ASUSTeK be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful. Therefore, Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284.

### SEVENTH AFFIRMATIVE DEFENSE
**(No Attorney Fees)**

ASUSTeK has a good faith belief that the Patents-in-Suit are invalid, not infringed, and unenforceable. Therefore, Plaintiff cannot demonstrate an exceptional case to obtain attorney fees under 35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

To the extent Plaintiff now or in the future seeks to pursue injunctive relief as a remedy for alleged patent infringement, Plaintiff is not entitled to injunctive relief because it cannot satisfy the requirements applicable to its request for injunctive relief in any form.

## NINTH AFFIRMATIVE DEFENSE
### (Ensnarement)

Plaintiff cannot assert any claims for patent infringement under the doctrine of equivalents because such an asserted scope of equivalency would encompass or ensnare the prior art.

## RESERVATION OF ADDITIONAL DEFENSES

ASUSTeK expressly reserves the right to raise and allege additional defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may exist or in the future may be available based on further investigations and discovery.

## PRAYER FOR RELIEF

WHEREFORE, ASUSTeK prays for judgment as follows:

1.  Finds in favor of ASUSTeK and against Plaintiff on Plaintiff's allegations;

2.  Denies Plaintiff's prayer for injunctive relief;

3.  Finds in favor of ASUSTeK and against Plaintiff on ASUSTeK's affirmative defenses;

4.  The Court enter judgment in favor of ASUSTeK and against Plaintiff, thereby dismissing the Complaint in its entirety, with prejudice, and deny Plaintiff all requested relief;

5.      The Court find that the asserted claims of the asserted patents are invalid and/or unenforceable;

6.      The Court find that ASUSTeK has not infringed, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any valid claim of any asserted patent;

7.      The Court find that Plaintiff cannot recover any relief or damages from ASUSTeK for any infringement of any asserted patent and is not entitled to any injunctive relief;

8.      The Court declare that this case is exceptional, entitling ASUSTeK to its attorneys' fees under 35 U.S.C. § 285, and award ASUSTeK its costs and reasonable attorneys' fees; and

9.      The Court grant ASUSTeK all other and further relief that the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ASUSTeK demands a trial by jury on all issues so triable.

Dated: March 31, 2025                    Respectfully submitted,


                                         By: */s/ Mark C. Lang*
                                         Mark C. Lang
                                         KS Bar No. 26185
                                         Mark.lang@eriseip.com
                                         Eric A. Buresh
                                         KS Bar No. 19895
                                         Eric.buresh@eriseip.com
                                         Michelle L. Marriott
                                         KS Bar No. 21784
                                         michelle.marriott@eriseip.com
                                         Chris R. Schmidt
                                         KS Bar No. 27833
                                         Chris.schmidt@eriseip.com
                                         **ERISE IP, P.A.**
                                         7015 College Blvd., Suite 700
                                         Overland Park, Kansas 66211
                                         Telephone: (913) 777-5600
                                         Facsimile: (913) 777-5601


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via electronic mail on March 31, 2025.

                                         */s/ Mark C. Lang*
                                         Mark C. Lang