IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS INC. | § § § § | |
| *Plaintiff*, | § § | Civil Action No.  6:25-cv-25-ADA |
| v. | § § | Civil Action No.  6:25-cv-26-ADA |
| ASUSTEK COMPUTER INC | § § | Civil Action No.  6:25-cv-27-ADA |
| *Defendant*. | § § § | |

## JOINT SCHEDULE

1

| Deadline | Item |
|---|---|
| 8 weeks after receiving or waiving service of complaint or 3 weeks after the CMC, whichever is later.<br><br>April 25, 2025 (or service/waiver + 8 weeks) | Deadline to file a motion to transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| 7 days before CMC<br><br>April 25, 2025 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC<br><br>August 29, 2025 | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 11 weeks after CMC<br><br>July 18, 2025 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| 13 weeks after CMC<br>August 1, 2025 | Parties exchange claim terms for construction. |
|---|---|
| 15 weeks after CMC<br>August 15, 2025 | Parties exchange proposed claim constructions. |
| 16 weeks after CMC<br><br>August 29, 2025 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 17 weeks after CMC<br>September 5, 205 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 18 weeks after CMC<br><br>September 12, 2025 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 21 weeks after CMC<br><br>October 3, 2025 | Plaintiff files Responsive claim construction brief. |
| 23 weeks after CMC<br><br>October 17, 2025 | Defendant files Reply claim construction brief.<br><br>Parties to jointly email the law clerks (see OGP at 1) to confirm their Markman date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| 25 weeks after CMC<br><br>October 31, 2025 | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply<br><br>November 4, 2025 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

3

| | |
|---|---|
| 26 weeks after CMC (but at least 10 days before *Markman* hearing)<br><br>November 7, 2025 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| 27 weeks after CMC (or as soon as practicable)<br><br>November 13, 2025 | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| 1 business day after *Markman* hearing<br><br>November 14, 2025 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing<br><br>December 23, 2025 | Deadline to add parties. |
| 8 weeks after *Markman* hearing<br><br>January 8, 2026 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing<br><br>March 5, 2026 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman*<br><br>May 7, 2026 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

4

| | |
|---|---|
| 30 weeks after *Markman* hearing<br><br>May 28, 2026 | Close of Fact Discovery. |
| 31 weeks after *Markman* hearing<br><br>June 11, 2026 | Opening Expert Reports. |
| 35 weeks after *Markman* hearing<br><br>July 9, 2026 | Rebuttal Expert Reports. |
| 38 weeks after *Markman* hearing<br><br>July 30, 2026 | Close of Expert Discovery. |
| 39 weeks after *Markman* hearing<br><br>August 6, 2026 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* hearing<br><br>August 13, 2026 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed).<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civilforms/notice-consent-and-reference-civil-action-magistratejudge. |

| | |
|---|---|
| 42 weeks after *Markman* hearing<br><br>August 27, 2026 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 44 weeks after *Markman* hearing<br><br>September 10, 2026 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* hearing<br><br>September 17, 2026 | Serve objections to rebuttal disclosures and file motions *in limine*. |
| 46 weeks after *Markman* hearing<br><br><br><br>September 24, 2026 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine*<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| 47 weeks after *Markman* hearing<br><br>October 1, 2026 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to file replies to motions in limine. |
| 48 weeks after *Markman* hearing<br><br>October 8, 2026 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |

6

| 3 business days before Final Pretrial Conference.<br><br>October 15, 2026 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
|---|---|
| 8 weeks before trial<br>September 18, 2026 | Parties to jointly email the Court's law clerk (See OGP at 1) to confirm their pretrial conference and trial dates |
| 49 weeks after *Markman* hearing (or as soon as practicable)<br><br>October 22, 2026 | Final Pretrial Conference. Held in person unless otherwise requested. |
| 52 weeks after *Markman* hearing (or as soon as practicable)[4]<br><br>November 13, 2026 | Jury Selection/Trial. |

SIGNED this _____ day of _____, 20____.

                                                  ALAN D. ALBRIGHT
                                                  UNITED STATES DISTRICT JUDGE

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.