UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SVV TECHNOLOGY INNOVATIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER INC., <br><br> Defendant. | CIVIL NO. 6:25-CV-00025-ADA[1] <br> 6:25-CV-00026-ADA <br> 6:25-CV-00027-ADA |

### ORDER GRANTING ASUSTEK'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

On November 13, 2025, the Court heard oral arguments on ASUSTeK's Motion to Transfer (ECF No. 30; -026 Case, ECF No. 23; -027 Case, ECF No. 20). For the reasons stated below, and on the record, the Court **GRANTS** ASUSTeK's Motion. Additionally, the Court **VACATES** its previous consolidation orders. ECF No. 41; -026 Case, ECF No. 34; -027 Case, ECF No. 31. The Court **ORDERS** the above captioned cases transferred to the Northern District of California. The Court considered the briefing, oral arguments, and case law in coming to its decision, even if not specifically mentioned below.

### BACKGROUND

On March 24, 2022, SVVTI filed three patent infringement cases against ASUSTeK, styled *SVV Technology Innovations Inc. v. ASUSTeK Computer Inc.*, Nos.

---

[1] Lead Case. The Court consolidated these three cases for all purposes, including trial, on September 30, 2025. ECF No. 41. Any citation to the record will be to the -025 Case unless noted.

6:22-cv-311, -312, -313 ("2022 Cases"). The 2022 Cases are still pending before this Court. The -311 Case was tried to a jury in September 2024 and has post-trial motions pending. The -312 and -313 Cases are awaiting trial. *See* -312 Case, ECF No. 150.

On January 24, 2025, SVVTI filed three additional patent infringement cases against ASUSTeK, styled *SVV Technology Innovations Inc. v. ASUSTeK Computer Inc.*, Nos. 6:25-cv-025, -026, -027 ("2025 Cases"). The Asserted Patents in the 2025 Cases are listed below. Patents that SVVTI also asserted in the 2022 Cases are shown in bold with an asterisk:

| Case No. | Asserted Patents |
| --- | --- |
| 6:25-cv-025 | **8,740,397\***; **10,439,089\***; **10,838,135\***; 11,616,157; 11,194,085; 11,846,794 |
| 6:25-cv-026 | **9,880,342\***; 10,962,197; 11,156,340; 11,550,093; 11,923,475; RE49630 |
| 6:25-cv-027 | **10,439,088\***; **10,613,306\***; **10,627,562\***; 11,402,562; 11,821,621; 12,159,951 |

ECF No. 23; -026 Case, ECF No. 20; -027 Case, ECF No. 1.

On June 10, 2025, ASUSTeK moved to transfer the 2025 Cases to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a).[2] ECF No. 30; -026 Case, ECF No. 23; -027 Case, ECF No. 20.

---

[2] The parties make procedural arguments related to the timing and length of ASUSTeK's Motion and the length of SVVTI's Response. *See* ECF No. 33 at 2. Those arguments have been considered and are rejected. But all litigants are reminded to comply with all local rules, including page limits and deadlines.

## **LEGAL STANDARD**

Courts may transfer an action to any district where the action (1) "might have been brought" for (2) "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Prong one requires the court to determine whether the action could have been brought in the transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). An action could have been brought in the transferee district if subject-matter and personal jurisdiction would exist and venue would be proper. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104 n.5 (5th Cir. 1981).

Prong two requires the court to weigh the four private and four public interest factors to determine if the transferee district would be "clearly more convenient." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* The movant must show that (1) the convenience gains are "significant" and (2) the gains will "actually materialize." *In re Clarke*, 94 F.4th at 508.

## ANALYSIS

First, the Court considers whether the 2025 Cases could have been brought in the Northern District of California. Second, because the Court finds that the 2025 Cases could have been brought in NDCA, the Court considers whether ASUSTeK has met its burden to prove that NDCA is "clearly more convenient" and whether any convenience gains asserted by ASUSTeK would be "significant" and "actually materialize."

### A. SVVTI could have brought the 2025 Cases in the Northern District of California.

An action could have been brought in the transferee district if subject-matter and personal jurisdiction would exist and venue would be proper. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104 n.5 (5th Cir. 1981). The parties do not dispute whether subject-matter jurisdiction exists or whether venue is proper in the Northern District of California. *See* ECF Nos. 30 at 5–6; 33 at 2–3. Thus, the only question left for the Court is whether NDCA would have personal jurisdiction over ASUSTeK.

ASUSTeK argues that it would be subject to personal jurisdiction in NDCA for two reasons. First, ASUSTeK argues it "would be subject to personal jurisdiction in the NDCA for the same reasons SVV alleges that ASUSTeK is subject to personal jurisdiction in [] WDTX." ECF No. 30 at 6 (noting SVVTI's allegations include stream of commerce theories and infringing sales through ASUSTeK's website, which would be accessible to all US residents, not just those in WDTX). Second, ASUSTeK argues that personal jurisdiction would be established in NDCA "under Federal Rules of

Civil Procedure 4(k)(2) by the mere act of filing and serving a summons upon ASUSTeK." *Id.* at 7 (noting that SVVTI alleged that "the Court has personal jurisdiction over Defendant under Fed. R. Civ. P. 4(k)(2)").

SVVTI argues that ASUSTeK has failed to point to evidence showing that "ASKSTeK's conduct" formed the basis for "NDCA's personal jurisdiction over" ASUSTeK (rather than ASUSTeK's importing subsidiary, ACI), that SVVTI's allegations in its complaint do not apply to NDCA, and that ASUSTeK cannot rely only on SVVTI's allegations. ECF No. 33 at 2–3. Regarding ASUSTeK's Rule 4(k)(2) argument, SVVTI responds that the rule does not apply because "ASUSTeK does not provide evidence of service or filing a waiver" and "ASUSTeK is subject to jurisdiction in WDTX because it conceded personal jurisdiction." *Id.* at 3.

The Court finds that personal jurisdiction would exist in NDCA for two reasons. First, the Court agrees with ASUSTeK that SVVTI's personal jurisdiction allegations apply to the entire United States, including NDCA specifically. ECF No. 23 ¶¶ 7 (discussing United States sales), 18–24 (discussing website sales). SVVTI alleges personal jurisdiction over ASUSTeK through the conduct of ASUSTeK's subsidiaries, including ACI. *Id.* ¶ 8. In its Motion, ASUSTeK provided sufficient evidence to show that the subsidiary responsible for SVVTI's allegations is located in NDCA, subjecting ASUSTeK to personal jurisdiction in NDCA. ECF No. 30-2 (June 9, 2025 Morquecho Decl.); *Beijing Meishe Network Tech. Co. v. Tiktok Inc.*, No. 6:21-cv-00504-ADA-DTG, 2023 WL 2903978, at *3 (W.D. Tex. Apr. 11, 2023). Second, the Court agrees with ASUSTeK that Federal Rule Civil Procedure 4(k)(2) also

5

establishes that NDCA would have personal jurisdiction over ASUSTeK had SVVTI filed there and served a summons on ASUSTeK. *Triller, Inc. v. ByteDance, Ltd.*, No. 6:20-cv-00693-ADA, 2021 WL 3913589, at *3 (W.D. Tex. July 9, 2021); *see also Hoffman v. Blaski*, 363 U.S. 335, 342–43 (1960) (analyzing factors at time of filing). Thus, the 2025 Cases "could have been brought" in NDCA. Next, the Court weighs the public and private interest factors.[3]

### B. NDCA is "clearly more convenient."

The Court analyzes each factor and reaches a final conclusion after weighing all the facts and circumstances of the 2025 Cases. The following chart summarizes the parties' competing positions.

| Private Interest Factor | ASUSTeK | SVVTI |
|---|---|---|
| (1) Relative ease of access to sources of proof | Favors transfer | Neutral |
| (2) Availability of compulsory process to secure the attendance of witnesses | Favors transfer | Neutral |
| (3) Cost of attendance for willing witnesses | Strongly favors transfer | Neutral |
| (4) Practical problems that make trial of a case easy, expeditious and inexpensive | Neutral | Strongly against transfer |
| **Private Interest Factor** | **ASUSTeK** | **SVVTI** |
| (1) Administrative difficulties flowing from court congestion | Neutral | Strongly against transfer |
| (2) Local interest in having localized interests decided at home | Favors transfer | Neutral |
| (3) Familiarity of the forum with the law that will govern the case | Neutral | Neutral |

---

[3] SVVTI argues that the "interest of justice factor" should be dispositive. ECF No. 33 at 3. But whether a transfer is in the "interest of justice" is determined by weighing the eight factors in their entirety. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

| (4) Avoidance of unnecessary problems of conflict of laws or the application of foreign law | Neutral | Neutral |
|---|---|---|

ECF Nos. 33; 40.

### a. The relative ease of access to sources of proof is neutral.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

ASUSTeK argues this factor favors transfer because ACI imports, offers for sale, and actually sells the Accused Products in the United States. ECF No. 30 at 12. ASUSTeK notes that all of ACI's documents and most of its custodians are in NDCA, and all of ASUSTeK's documents are in Tawain. *Id.* Additionally, ASUSTeK argues that in a previous case Dr. Vasylyev (SVVTI's president, and the sole inventor listed on the Asserted Patents) testified that SVVTI conducted experiments on the Accused Products in California. *Id.* at 14. Thus, ASUSTeK argues both parties' documents would be more easily accessible in NDCA. *Id.* at 14–15.

SVVTI argues this factor is neutral because ASUSTeK stores its documents in Tawain and that ACI's documents would not be preferred over ASUSTeK's original sales or export records. ECF No. 33 at 10. SVVTI also indicates that its documents are on the cloud, stored on unknown servers in unknown locations. *Id.* at 11. Further,

SVVTI notes that many of its documents related to patent ownership, licensing history, and prosecution history are located in NDTX due to prior litigation. *Id.*

The Court agrees with SVVTI that this factor is neutral. ASUSTeK stores its documents in Tawain. ECF No. 30-1 (June 4, 2025 Chen Decl. ¶ 6). SVVTI stores its documents in NDTX and on cloud servers of unknown location, weighing slightly against transfer. ECF No. 33 at 11–12. ASUSTeK's speculation about physical documents possibly being in Dr. Vasylyev's lab is accorded no weight, as ASUSTeK fails to tie any of Dr. Vasylyev's prior testimony to the Accused Products in the 2025 Cases or cite any credible evidence. *See* ECF No. 30 at 14.

ASUSTeK's arguments related to its subsidiary are similarly unconvincing. ECF No. 30 at 12. ASUSTeK did not meet its burden to explain why ACI's documents (or custodians) are required for this litigation or why ACI's importing or sales documents would be preferred over ASUSTeK's exporting documents. Moreover, despite using the term "hard copy" in their briefing, ASUSTeK's declarant, Mr. Morquecho, does not indicate that any hard copy documents exist. ECF No. 30-2. At best, ASUSTeK's arguments related to ACI and ACI's custodian locations are only slightly in favor of transfer and counterbalance the fact that SVVTI has documents in NDTX. Thus, this factor is neutral.

### b. The availability of compulsory process to secure the attendance of witnesses is slightly in favor of transfer.

Private interest factor two requires the Court to consider the "availability of compulsory process" over non-party, unwilling witnesses. *In re Volkswagen*, 545 F.3d at 316.

ASUSTeK points to ACI's unwilling witnesses to show that this factor favors transfer. ECF No. 30 at 16. ASUSTeK also argues that Dr. Vasylyev could be compelled to testify if this case is transferred to NDCA. *Id.* 16–17. SVVTI responds that "ASUSTeK has not established that ACI has a meaningful connection to this case" because "ASUSTeK did not call a single ACI employee at trial last year." ECF No. 33 at 11. Moreover, SVVTI argues that ACI employees are "not familiar with the design of the accused products or ASUSTeK's financials" because ACI does not purchase its products from ASUSTeK, but rather, from ASGL, a separate ASUSTeK subsidiary. *Id.* at 12. Last, SVVTI argues Dr. Vasylyev's location should not be considered under this factor because he is a willing witness. *Id.* at 12.

The Court agrees with SVVTI that Dr. Vasylyev should not be considered under this factor as he is a willing party witness and will be considered under private interest factor three. *See* ECF No. 40 at 2 (discussing Dr. Vasylyev under private interest factor three); *In re HP Inc.*, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). But the Court does not agree with SVVTI that ACI's witnesses are irrelevant or should be considered willing witnesses. ASUSTeK provided evidence that ACI's witnesses would be unwilling, and thus, the Court agrees they should be considered under this factor. ECF No. 30-2 at ¶ 8. Moreover, the Court finds that ACI's employees' testimony is somewhat relevant to this case, as ACI is the sole distributor of the Accused Products and ACI's activities are referenced throughout SVVTI's Complaint. ECF No. 23 ¶¶ 7–9. But, cutting against ASUSTeK, the Court does not find that ASUSTeK has carried its burden to show that these witnesses would be

9

required for trail. ASUSTeK, at most, showed that these witnesses' deposition testimony may be required. ECF Nos. 40 at 3–4; 33 at 12. Thus, the Court finds that this factor is only slightly in favor of transfer as the only identified unwilling witnesses are found in NDCA, but ASUSTeK failed to show that any convenience gains beyond securing deposition testimony would be "significant" or "actually materialize." *In re Clarke*, 94 F.4th at 508.

### c. The cost of attendance for willing witnesses is strongly in favor of transfer.

An important factor to the transfer analysis is the respective costs that willing witnesses will expend to attend trial. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen*, 545 F.3d at 317.

ASUSTeK argues that its willing witnesses reside in Tawain.[4] ECF No. 30 at 9, 11. ASUSTeK indicates that NDCA is more convenient for its Tawain-based witnesses because transfer would save "roughly 12 hours in roundtrip travel time" and allow the witnesses to "have the convenience of continuing to do their work from ACI's office." *Id.* at 10. ASUSTeK also argues that NDCA would be more convenient

---

[4] ASUSTeK also argues that ACI's witnesses support transfer. ECF No. 30 at 10. But ACI, through ASUSTeK, has informed the Court that ACI employees would not participate in these proceedings willingly. Thus, arguments related to those witnesses will not be considered under this factor, which analyses the cost of attendance for willing witnesses. *Cf. In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *6 (Fed. Cir. Oct. 13, 2021) (distinguishing between unwilling witnesses and non-party witnesses).

10

for SVVTI's witness, Dr. Vasylyev, because he resides in Elk Grove, California, which is less than 100 miles from at least one NDCA courthouse. *Id.* at 11.

SVVTI responds that ASUSTeK has no presence or employees in NDCA and that the Court should find this factor neutral as to the Tawain-based witness. ECF No. 33 at 8 (citing *Kajeet, Inc. v. Trend Micro, Inc.*, 2022 U.S. Dist. LEXIS 6603, at *14 (W.D. Tex. Jan. 12, 2022)). SVVTI also submits a declaration from Dr. Vasylyev indicating that he would possibly have to drive 126 miles to the San Jose courthouse, which makes appearing in either district inconvenient. ECF No. 33 at 10. Moreover, Dr. Vasylyev declares that he would prefer Waco over any NDCA city for multiple reasons, including cost. *Id.*

The Court agrees with ASUSTeK that this factor strongly favors transfer. Regarding ASUSTeK's willing witnesses, SVVTI does not dispute that ASUSTeK will likely have a witness travel from Taiwan to testify. The Fifth Circuit, post-*Kajeet*, has said that it is "indisputable that the [NDCA] is clearly more convenient" than WDTX for witnesses traveling from China. *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023). The Court finds that same reasoning applies to Tawain-based witnesses. Moreover, SVVTI does not dispute that ASUSTeK's Taiwanese witness will likely benefit from being able to utilize ACI's offices in NDCA.

Regarding SVVTI's only willing witness, Dr. Vasylyev, the Court finds that NDCA would be clearly more convenient for Dr. Vasylyev than WDTX. As an initial matter, the Court does not consider Dr. Vasylyev's preference for Waco over California. *S.M.R Innovations LTD v. Apple Inc.*, 756 F. Supp. 3d 453, 460 (W.D. Tex.

11

Nov. 14, 2024) ("Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference."). Rather, the Court focuses on the costs of Dr. Vasylyev attending trial in Waco versus NDTX. The Court finds that driving roughly 100 miles to trial (roughly 2-3 hours) is clearly more convenient and less costly than having to fly from California to Texas (roughly 10 hours). Moreover, Dr. Vasylyev's office is in California, and conducting trial in California will allow him to stay at or near his home or office during the duration of the proceedings. While SVVTI shows that the costs of hotels and meals are likely higher in NCDA, the Court does not agree that this outweighs the cost to Dr. Vasylyev if he had to fly to Waco and be away from home for an extended period of time.

Last, because both parties agree that at least one Tawain-based witness and that Dr. Vasylyev will testify, the Court finds that the convenience gains are significant and will actually materialize.

### d. Practical problems that make trial of a case easy, expeditious, and inexpensive weighs against transfer.

ASUSTeK argues private factor four favors transfer because "most witnesses and evidence in the United States are in the NDCA." ECF No. 30 at 17.[5] ASUSTeK also argues that this factor cannot outweigh the other convenience factors. *Id.* at 18. On reply, ASUSTeK argues that there is no overlap between the technologies at issue

---

[5] Other arguments ASUSTeK makes regarding related cases being assigned to other judges in WDTX are moot as the undersigned now presides over the related cases. *Id.*

12

in the prior ligation and repeats arguments that this factor cannot outweigh a clear case for transfer. ECF No. 40 at 4.

SVVTI argues that this factor weighs strongly against transfer due to the co-pending litigation involving "the same patent and underlying technology, which "provides a substantial justification" for denying transfer. ECF No. 33 at 13. SVVTI argues that transferring these cases may lead to inconsistent outcomes. *Id.* at 4–6 (identifying overlapping patents). SVVTI also argues this Court is in the best position to "determine the preclusive effect of its own judgment" related to the prior trials, hearings, and other rulings. *Id.* at 6, 13. Further, SVVTI states that the stage of the litigation, including that fact that *Markman* briefing is complete, weighs strongly against transfer. *Id.* at 14. Last, SVVTI notes that local California counsel would have to be retained if this action were transferred to NDCA. *Id.* at 14.

The Court finds this factor weighs against transfer, but not strongly against transfer. ASUSTeK essentially makes no argument regarding this factor alone except to say that the technologies are different. The Court finds this argument unpersuasive as the underlying patents are similar, and in some cases, the same. Instead, ASUSTeK argues facts related to other factors, such as witness location. Additionally, ASUSTeK makes legal arguments related to whether this Court can refuse to transfer the case based on this factor alone, but does not argue why this factor is truly neutral.

The Court finds that this factor does not weigh strongly against transfer because the presiding court and parties will have to spend considerable resources

litigating this case, which includes multiple new patents and Accused Products. For example, the parties submitted extensive claim construction briefing asking the Court to construe seventeen terms, where issue preclusion *may* apply to two terms. *See* ECF Nos. 42 at 38, 44; 43 at 1; 46. In the 2025 Cases, SVVTI asserts eleven new patents and accuses different products of infringing compared to the 2022 Cases. The Court does not agree that the overlap between the 2022 Cases and 2025 Cases risks inconsistent judgments because the cases are at substantially different stages of litigation and do not involve the same products. *See* ECF 50 at 5:1-9. Thus, this factor weighs against transfer.

### e. Administrative difficulties flowing from court congestion is neutral.

Public interest factor one requires courts to determine "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). ASUSTeK argues the median time to trial between NDCA and WDTX makes this factor, at worst, neutral. ECF No. 40 at 5. SVVTI argues that the median time to trial is faster in WDTX, and that transferring this case would cause "significant delay" because the parties would have to "get back on schedule" in NDCA. Thus, concludes SVVTI, this factor weighs "strongly against transfer." ECF No. 33 at 14–15.

The Court finds that this factor is neutral. The parties both provided evidence that time to trial varies over time between NDCA and WDTX. SVVTI's argument that transferring the case would cause "significant delay" is unsupported by the record. While a transfer will inevitably cause some type of delay, SVVTI does not

14

provide any evidence indicating that transferring this cause to NDCA will cause a significant delay. Thus, this factor is neutral.

### f. Local interest in having localized interests decided at home is in favor of transfer.

Public interest factor two requires the Court to analyze the "significant connections between a particular venue and the events that gave rise to a suit." *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (cleaned up). ASUSTeK argues that WDTX has no local interest in this dispute. ECF No. 30 at 19 (discussing sources of proof and witness location). ASUSTeK points to ACI's activity importing and selling the Accused Products in NDCA and SVVTI's allegations implicating ASUSTeK's subsidiaries as the events that give rise to this litigation. ECF No. 30 at 18. Thus, ASUSTeK's argument is that NDCA is the main forum that has a local interest, despite SVVTI's venue allegations of sales occurring in WDTX. *Id.* SVVTI argues that this factor is neutral because neither party resides in either district and most events giving rise to this suit occurred overseas. ECF No. 33 at 15.

The Court agrees with ASUSTeK that this factor favors transfer. The events giving rise to this lawsuit necessarily and explicitly implicate ACI's business, which is located in NDCA. *See e.g.*, ECF No. 23 ¶¶ 7–9. The Court agrees with ASUSTeK that SVVTI's nationwide allegations do not create a localized interest in WDTX. *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010), *as amended* (Jan. 13, 2011). While the Court agrees with SVVTI that no party resides in WDTX and that many of the events giving rise to the suit occurred overseas, that does not leave this factor as

"neutral." Rather, the only district with any localized interest is NDCA. Thus, the Court finds this factor favors transfer.

### g. Familiarity of the forum with the law that will govern the case is neutral.

The parties agree that public interest factor three is neutral. ECF Nos. 33 at 15; 40 at 5.

### h. Avoidance of unnecessary problems of conflict of laws or the application of foreign law is neutral.

The parties agree that public interest factor four is neutral. ECF Nos. 33 at 15; 40 at 5.

### i. Summary

| Private Interest Factor | Court's Ruling |
| --- | --- |
| (1) Relative ease of access to sources of proof | Neutral |
| (2) Availability of compulsory process to secure the attendance of witnesses | Slightly in favor of transfer |
| (3) Cost of attendance for willing witnesses | Strongly in favor of transfer |
| (4) Practical problems that make trial of a case easy, expeditious and inexpensive | Against transfer |
| **Public Interest Factor** | **Court's Ruling** |
| (1) Administrative difficulties flowing from court congestion | Neutral |
| (2) Local interest in having localized interests decided at home | In favor of transfer |
| (3) Familiarity of the forum with the law that will govern the case | Neutral |
| (4) Avoidance of unnecessary problems of conflict of laws or the application of foreign law | Neutral |

The Court finds that three factors favor transfer, one factor weighs against transfer, and the remaining factors are neutral.

After having weighed all the factors, the Court concludes that the 2025 Cases should be transferred to NDCA because, on balance, ASUSTeK has shown that NDCA is clearly more convenient and that the convenience gains are substantial and will actually materialize. The Court agrees with SVVTI that private interest factor four alone, in some situations, could allow the Court to retain the 2025 Cases. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). But the Court does not agree with SVVTI that is appropriate here for the reasons stated above.

## CONCLUSION

For the foregoing reasons, ASUSTeK's Motion to Transfer (ECF No. 30; -026 Case, ECF No. 23; -027 Case, ECF No. 20), is **GRANTED**. The Court's previous orders consolidating the above-captioned cases, ECF No. 41; -026 Case, ECF No. 34; -027 Case, ECF No. 31 are hereby **VACATED**. The Clerk of Court is requested to transfer the above captioned cases to the Northern District of California.

**SIGNED** this 17th day of December, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE